In the Matter of Gerold Lee GALSTER and Sherry Fay Galster, Debtors.

Thomas L. WILLIAMS, trustee in bankruptcy, Plaintiff [1],

v.

Gerold Lee GALSTER and Sherry Fay Galster, Defendants.

Bankruptcy No. 83–000809–SW.
Adv. A. No. 83–0802–SW.

United States Bankruptcy Court,
W.D. Missouri,
Southwestern Division.

Jan. 17, 1984.

---

1. The initial trustee, James F.B. Daniels, has been succeeded by operation of law as the party plaintiff by the current and successor trustee, Thomas L. Williams.

Thomas L. Williams, Roberts, Fleischaker & Scott, Joplin, Mo., for plaintiff.

Nicholas L. Swischer, Nevada, Mo., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT DENYING COMPLAINT FOR TURNOVER AND FOR DENIAL OF DEFENDANTS' DISCHARGES IN BANKRUPTCY

DENNIS J. STEWART, Bankruptcy Judge.

The trustee in bankruptcy has requested turnover of certain automobiles which allegedly belonged to the plaintiff or had, within the year next preceding bankruptcy, been transferred. On the same grounds, the trustee requests the denial of the defendants' discharges in bankruptcy.

The issues involved came on before the bankruptcy court for hearing on September 23, 1983, in Joplin, Missouri, whereupon the plaintiff trustee in bankruptcy appeared personally and as his own counsel and the defendant Gerold Lee Galster appeared personally and by Nicholas L. Swischer, Esquire, his counsel. The evidence which was then adduced demonstrated the following relevant facts: The defendant filed his voluntary bankruptcy petition on March 29, 1983. In the statement of affairs which was filed in conjunction with that petition, the debtors stated that they were not then holding any property for any other person and a 1962 Volkswagen was scheduled as among their personal property. This entry was a mistake as to the year of the Volkswagen and should have referred to a 1964 Volkswagen. The debtor Gerold Lee Galster, in his testimony in respect of a certain 1972 Chevrolet pickup, stated that he did not own it as of the date of bankruptcy; that he had purchased it from his grandfather for $300 in October 1982; that he had put a new engine in it and had sold it for

$1200 on February 1, 1983; that, generally, his ability to meet his debts at the time was exceedingly low and he consequently gave the proceeds of the sale to his wife to be used for paying current living expenses; that another vehicle was sold to a man named Gerow for $3,000 in May 1981; that, although this vehicle was sold to Gerow for that price, it was left with the debtor who kept it for Gerow on the debtor's grandfather's property and Gerow took possession of the car "whenever he came into town"; that there was a 1969 Volkswagen which he once owned but which was not in his possession on the date of filing which he sold in 1969 to Larry Carston for the sum of $6000 and later formally transferred title to the purchaser in November 1982.

In his further testimony, the debtor Gerold Galster testified that he learned only as late as April 1982 that Gerow had not yet effected a transfer of title because Gerow "was going through a divorce and didn't want his wife to get" the car; that, as to the 1964 Volkswagen, he sold it about a year or a year and a half ago; that he has a Camaro which he initially did not schedule as among his assets, but as to which he corrected his schedules at the meeting of schedules to show that he still had legal title to it, although it was the vehicle which he initially deemed himself to have given over to Mr. Gerow; that, at some time, he placed the license tags which had been on the 1969 Volkswagen which he sold to Larry Carston on this 1969 Camaro and consequently received a traffic citation therefor.

The trustee next produced the testimony of Peggy Pyle, an employee of an automotive business, who stated that she had seen the debtor Gerold Lee Galster driving vehicles other than those which he had scheduled in his bankruptcy schedules. These included a 1971 Camaro, a 1972 Chevrolet pickup (although this vehicle, according to the witness, might have been of "earlier" vintage), a 1964 Chevrolet Camaro, a red Volkswagen with a Kansas license tag, and a beige Volkswagen. At least in respect of the red Volkswagen with the Kansas license tags, Ms. Pyle stated that she had checked with the Kansas or Missouri Department of Revenue to discover the ownership of certain of the vehicles. With respect to a 1964 Volkswagen being driven by the debtor Gerold Lee Galster, title, according to her testimony, was shown to be in the name of a Patricia Webb.

 For the reasons which follow, this court deems the foregoing testimony as insufficient as a basis for a turnover order or for a denial of discharge. With respect to the transferred vehicles, there is no evidence that they were transferred for inadequate consideration or with actual intent to hinder, delay and defraud creditors. The cases have held that proof of such a fraudulent intention is necessary to avoidance of the transfer and to the denial of the discharge. See *In re Adlman*, 541 F.2d 999, 1004 (2d Cir.1976), to the effect that "before the existence of (any) fraudulent purpose can be properly found, there must appear in evidence some facts or circumstances which are extrinsic to the mere facts of conversion of nonexempt assets into exempt, and which are indicative of such fraudulent purpose." But, in this case, virtually all that has been shown is the fact of the transfers. Even with respect to the transfer to Gerow of possession of the 1969 Camaro and the retention of title, the evidence extrinsic to the transfer itself does not show an evil intention on the part of the debtor. He, without contradiction in any essential respect, states that this ambiguous situation was arrived at innocently, through his naive but good faith presumption that simple possession was equivalent to ownership. And, on the issue of fraudulent intention, the bankruptcy court in this district is bound by the decision in *Matter of Roberts*, 8 B.R. 291, 293 (W.D.Mo.1981), to the effect that "(a) good faith belief, even though unreasonable, precludes a wilful and malicious intent." Further, in the action at bar, in which it has been shown that the record title may be in the name of the debtors (although that is somewhat unsure on the basis of the uncertain evidence adduced), but that Gerow has paid the purchase price

 

and has some claim of right to the automobile, the court cannot issue a turnover order and thus deprive Gerow of his claim of right without joining him as a party and granting him the usual due processes which are accorded parties in actions in the United States Courts. Therefore, because of the absence of a necessary party, the turnover order cannot be issued.

There is a separate and independent reason why the turnover order cannot be issued. It is the duty and burden of the trustee in bankruptcy, in seeking a turnover order, to demonstrate that the property sought to be turned over is currently in possession of the defendant from whom it is sought. "(T)he burden of proving possession or control at the time of the turnover proceeding is placed on the receiver or trustee." 2 Collier on Bankruptcy para. 23.10, p. 573 (1976). But the evidence in this action, as noted above, is nothing if it is not ambiguous on this issue and leaves the court in doubt as to whether it is the debtors or their putative transferee, Gerow, who currently has possession of the 1969 Camaro. Clearly, under the rubrics which control this issue, the turnover order cannot be granted with respect to the 1969 Camaro.

Similar and related principles apply to the testimony of Ms. Pyle to the effect that the debtor Gerold Lee Galster has been seen driving automobiles other than those listed in the schedules. In attempting to obtain turnover of property of the estate, the trustee bears the burden of proving that the property is in fact property of the estate. "The burden is also on the receiver or trustee to show that the property or proceeds involved are a part of the bankrupt estate, and thus support the summary jurisdiction he seeks to invoke." 2 Collier on Bankruptcy para. 23.10, pp. 567–568 (1976). But the mere fact that the debtor Gerold Lee Galster has been seen driving vehicles other than those which he reported in his bankruptcy schedules does not, without more, operate as a satisfactory *prima facie* proof of his ownership of the vehicles. This is particularly so when the only evidence of actual title of any of the vehicles tends to show that one of the vehicles, the red Volkswagen with the Kansas license tag, was titled in the name of a person other than the debtors. Accordingly, the indispensable element of proof necessary to gain a turnover order has not been sustained in respect of these vehicles and the complaint therefore must be denied. For the same reasons, the court cannot issue any judgmental punishment in the form of a denial of discharge for the debtors' not scheduling these items of property as their own.

It is therefore

ORDERED, ADJUDGED AND DECREED that the plaintiff's complaint for turnover and for denial of discharge be, and it is hereby, denied.